UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TEAMSTERS LOCAL UNION NO. 688, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:08CV1609 CDP |
| U.S. FOODSERVICE, | ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM AND ORDER

The union moves to confirm an arbitration award issued in its favor and against U.S. Foodservice. U.S. Foodservice moves to dismiss this case, arguing that the union is not entitled to the monetary award it seeks as part of confirming this award. Because U.S. Foodservice has not demonstrated that the union is not entitled to relief, I cannot dismiss the case at this stage of the proceedings. The motion to dismiss will be denied.

Background Facts

U.S. Foodservice is engaged in the sale and delivery of food products to its customers. Teamsters Local Union No. 688 is the sole labor organization representing U.S. Foodservice employees for the purpose of collective bargaining. Both parties are bound by a collective bargaining agreement. Article 7 of that

agreement permits the parties to submit grievances and disputes to arbitration and also mandates that the arbitrator's decision is final and binding on the parties.

In April of 2005, the union filed two grievances against U.S. Foodservice, one on behalf of all bargaining unit members and another on behalf of an individual employee. Both grievances were submitted together to arbitration. During the hearing, the union contended that U.S. Foodservice violated the collective bargaining agreement by creating a non-bargaining unit supervisory position in the Will Call area to perform duties historically handled by members of the bargaining unit. At the conclusion of the hearing, Arbitrator Fitzsimmons sustained the union's grievances and ordered U.S. Foodservice to "make whole bargaining unit employees for work removed from the Union in the Will Call Area." Arbitrator Fitzsimmons did not specify in his award what he meant by the phrase "make whole." However, at the arbitration hearing he heard testimony that bargaining unit personnel lost hours as a result of the change in the Will Call area.

The parties disagree about whether Arbitrator Fitzsimmons' "make whole" remedy requires U.S. Foodservice to pay the union a monetary award for all weekend hours worked by non-bargaining unit employees. The union contends that the award necessarily encompasses backpay for all union employees wrongfully displaced from the bargaining unit work in the Will Call Area, and it

asks me to order this monetary award as part of the confirmation proceedings. U.S. Foodservice argues that the union is not entitled to any monetary award because Arbitrator Fitzsimmons' award does not specifically award backpay and must therefore be construed to preclude it.

## Discussion

This case is brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The scope of judicial review of arbitration awards under collective bargaining agreements is extremely limited. United Food and Commercial Workers, AFL-CIO, CLC, Local No. 88 v. Shop 'N' Save Warehouse Foods, Inc., 113 F.3d 893, 894 (8th Cir. 1997). A labor arbitration award is legitimate "as long as the arbitrator's award 'draws its essence from the collective bargaining agreement' and is not merely 'his own brand of industrial justice.'" United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 36 (1987) (quoting United Steelworkers of Am. v. Enterprise Wheel and Car Corp., 363 U.S. 593, 597 (1960)). "The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 29. "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error

does not suffice to overturn his decision." Id. Courts have limited review of arbitration rulings and may not "reconsider the merits of the award." Id. at 37. While courts may enforce parties' agreements, they may not create a new agreement for the parties. Union Pacific Railroad Co. v. United Transportation Union, 3 F.3d 255, 260 (8th Cir. 1993).

If an arbitration award "is ambiguous but needs clarification," courts may hold confirmation proceedings. RGA Reinsurance Co. v. Ulico Casualty Co., 355 F.3d 1136, 1139 (8th Cir. 2004). However, courts may only confirm an arbitrator's award "by crafting specific relief consistent with the intent of the arbitrators." Id. Where an award is incomplete or ambiguous, courts may remand the award to the arbitrator who issued it. Automotive, Petroleum and Allied Industries Employees Union, Local 618 v. Sears, Roebuck and Co., 581 F. Supp. 672, 676-77 (E.D. Mo. 1984). "An ambiguous award must be remanded to the arbitrator, rather than clarified by a court, because a failure to do so would amount to a preemption of the fact finding function assigned to the arbitrator." Id. at 677 (internal citation and quotation marks omitted). See Communication Workers of America, AFL-CIO v. Southwestern Bell Telephone Co., 2006 WL 3408409, *6 (W.D. Mo. Nov. 27, 2006) (on cross-motions for summary judgment, district court remanded award to arbitrator to resolve disputed issues of fact). "However,

remand is not necessary where, through subsequent events, it is clear how the arbitrator would resolve the ambiguity or what the arbitrator meant by an ambiguous term in the award." Id. (internal citations omitted) (finding that remand was not required because the parties presented the testimony of the arbitrator, who clarified what the ambiguity in his award meant).

U.S. Foodservice argues for dismissal on the ground that the award is "silent" about monetary damages, so I should summarily decline to grant relief, citing MidAmerican Energy Co. v. Int'l Bhd. of Elec. Workers Local 499, 345 F.3d 616 (8th Cir. 2003). However, MidAmerican is distinguishable from the present case because the award here is not silent about the relief sought by the union. Instead, it is ambiguous. Even U.S. Foodservice admits that a "make whole" award may include backpay, so its argument that Arbitrator Fitzsimmons never awarded backpay here is, at best, premature. Whether I must ultimately deny confirmation on this basis or remand the award to the arbitrator for further proceedings is not before me now and cannot be decided at this stage of the proceedings. The motion to dismiss will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#5] is denied.

**IT IS FURTHER ORDERED** that the motion for hearing [#9] is denied as moot.

This case will be set for a Rule 16 conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2009.